### 682.  COOPER v. THE STATE.

1. A plea of not guilty, by one accused of crime, is an express contention on his part antagonistic to every fact necessary to be proved by the State in order to establish his guilt; and unless the accused admits one or more of the facts which it devolves upon the State to prove, such fact must be established by evidence. To assume that an important fact in the case on trial has been admitted, and to so instruct the jury when no such admission has been made, is reversible error.

2. Venue is a jurisdictional fact which must be established to the satisfaction of the jury beyond a reasonable doubt. If there be uncertainty in the evidence which the jury can not make certain, an acquittal must result.

3. When the intention of the accused can only be derived from circumstances, the jury should be instructed substantially in the terms of §984 of the Penal Code, that if the circumstances from which a guilty intent could be inferred are equally consistent with an innocent intention or an intention different from that charged against the accused, he should be acquitted.

Indictment for assault with intent to rape, from Dougherty superior court—Judge Spence.   July 15, 1907.

Submitted October 7,—Decided October 29, 1907.

*R. J. Bacon, L. W. Nelson,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.

Russell, J.   The plaintiff in error was convicted of assault with intent to rape.   He excepts to the overruling of his motion for a new trial.   The fifteen grounds of the motion, so far as are necessary to be considered, can well be grouped into three exceptions or complaints.

1.   Plaintiff in error excepts to the following instruction of the court, contained in the charge to the jury:   "In this case, gentlemen, it is insisted by the State that so far as the element of force is concerned,—the element of consent,—that the female named in the bill of indictment is of such unsound mind, such a mental condition, as to be incapable of giving consent.   However, that issue, that question, is not an issue in this case, I believe; it is not contended by the defense that the female was of sufficient mind to give consent to have carnal knowledge."   We have carefully examined the record and do not find that the defendant anywhere or in any manner admitted that the female was of unsound mind, or of such mental condition as to be incapable of giving consent; and for that reason, under the mandatory terms of the Civil Code, §4334, the statement of the judge, contained in this portion of the charge, demands a reversal of the judgment.   As has heretofore been pointed out by this court in the case of *Southern Express Company* v. *State,* 1 *Ga. App.* 700 (58 S. E. 67), the filing of a plea of not guilty by the accused is an explicit contention on his part antagonistic to every fact necessary to be proved by the State to establish his guilt.   Unless he admits unequivocally one or more of the facts which it devolves upon the State to prove, such facts must be proved.   Especially would this be true in a case, such as the present, where the presumption of sanity must necessarily be rebutted by proof of unsoundness of mind, and where proof of this fact is a burden to be borne by the State.

We can not agree with the contention of the plaintiff in error that the capacity or incapacity of the female to give consent is immaterial, or that there is any difference, as to the capacity to give consent, in assault with intent to rape and in rape.   The in-

tent to have sexual intercourse with a female forcibly and against her will, as defined in the statute, is a quality applicable to the accused, and not to the person assaulted; and the intent is the same whether the attempt be successful or be defeated. If sexual intercourse with a female of unsound mind be rape, the attempt to have sexual intercourse with the same female would be assault with intent to rape, provided the attempt to accomplish the intercourse included an intent to do the act forcibly and against the will of the female assaulted. We recognize, however, that there is a distinction between sexual intercourse against the will of the female, and such intercourse without the consent of the female. While it has frequently been held that the two are practically synonymous, yet when this rule is applied to cases where the female is of unsound mind, a difference may be admitted to exist. In cases where assault with intent to rape is alleged to have been committed and the female assaulted is of unsound mind, the rule must be that if the female has a clear and definite understanding of the act sought to be committed, and is capable of exercising a desire in the premises, and under these circumstances consents, the offense would not be complete. Whether she was or was not clothed with a full apprehension of the nature of the act and consented thereto could be determined by the circumstances of the case. The intent, however, of the male, and not of the female, would be determinative of his guilt or innocence. If the female be of unsound mind on all subjects, necessarily any sexual intercourse with her or any attempt directed to that end, evidenced by an overt act, would either be rape or assault with intent to rape. If, however, the female, although of unsound mind as to many matters other than that of sexual intercourse, yet has a full understanding of the nature of the act to be committed, and desires to consent to the act of sexual intercourse, and this is apparent to the defendant (the desire not being superinduced by her insanity), it can not safely be said that the offense would be more than fornication, adultery, or adultery and fornication.

2. The court charged the jury that, "If the State establishes that it was in Dougherty county, inside of the Dougherty county line, beyond a reasonable doubt, or that it was so near the dividing line between the county of Baker and the county of Dougherty as to make it impossible to determine definitely as to whether

it was on one side of the line or the other, then, under this sec-
tion of the code, the State will have complied with the law, if it
shows that state of facts." This charge was error. The venue is a
jurisdictional fact which must be established to the satisfaction
of the jury beyond a reasonable doubt. The learned trial judge
was evidently of the opinion that sections 23 and 24 of the Penal
Code were applicable in this case. Section 23 is as follows:
"Whenever a stream of water is the boundary of a county, the ju-
risdiction of the county shall extend to the centre of the main
channel of such stream; and if an offense is committed on such
stream, and the evidence on the trial does not definitely disclose in
which county it was committed, the courts of either county may
maintain jurisdiction for the trial and punishment of the of-
fender;" and section 24 provides that where the evidence does not
definitely disclose on which side of the line of two counties, at the
place where such county line touches a river forming a boundary
between this and any other State, the offense is committed, the
courts of either county may maintain jurisdiction. The instruc-
tion was wholly unsuited to the facts of this case. There was a
conflict in the testimony as to which side of the line between Baker
and Dougherty counties the alleged offense was committed. A
large number of the witnesses swore that the road, which presum-
ably, from the evidence, was constructed on the line between these
two counties, curved or deflected around the lime sink where the
offense is alleged to have been committed. The evidence showed
that the county line was a straight line; and this court judicially
knows that fact, and the further fact (also disclosed by the evi-
dence) that the boundary line of Dougherty and Baker counties is
not a stream of water. A large number of the witnesses swore that
the lime sink was in Baker county and quite a number that it was
in Dougherty county. The jury would have been authorized to
believe, from the testimony, that the transaction occurred in either
county. But the only correct charge that could have been made,
with reference to a boundary line, would have been (had there been
evidence from any witness that the offense was committed on the
boundary line) that if the jury believed that the offense was com-
mitted on the boundary line, then either county would have juris-
diction to try the offender,—this means *on* the line, and not that
the place was so near the line as to leave the matter in doubt.

3.   We think that the complaint contained in the 13th ground of the motion is well taken, and that the jury should have been instructed that the intent must be proved beyond a reasonable doubt; and inasmuch as the intent of the defendant could have been ascertained only from the circumstances, we think further that the jury should have been instructed that if these circumstances were equally consistent with the defendant's innocence, he should be acquitted.   While we may think that the assault, if made, could have been for no other purpose than that of sexual intercourse, still failure to call the attention of the jury to section 984 of the Penal Code would have the effect of precluding the defendant's defense that he had a different intention in making the assault, if the jury believed he made the assault.        *Judgment reversed.*