### 26925. BENNEFIELD v. BROWN.

GUNTER, Justice. This is an appeal from the judgment of Ware Superior Court overruling the petition for writ of habeas corpus of the appellant, who is currently serving a five-year term of imprisonment for the offense of robbery.

1. The lower court did not err in denying relief upon the ground that the appellant was the victim of an illegal search and seizure. Even if the search was illegal, this is not a ground for relief in habeas corpus in the absence of a showing that evidence obtained thereby was introduced against the petitioner at his trial, which was not done in the present case. Jackson v. Smith, 435 F2d 1284 (5th Cir. 1970).

2. The lower court did not err in denying relief upon the ground that the appellant was questioned by law enforcement personnel without benefit of counsel, as the criminal trial transcript reveals that appellant neither confessed nor otherwise admitted his complicity in the robbery at such times when he was not represented by counsel and that no statements, incriminating or otherwise, obtained from him by law enforcement personnel were used against him. Jackson v. Smith, supra.

3. The lower court properly found under the circumstances

presented that the pre-trial identification of the appellant and the subsequent in-court identification by the witness, were constitutionally permissible and did not deprive appellant of a fair trial. The record shows that law enforcement officers discovered the appellant and a co-indictee in an automobile in a ditch, approximately two hours after the robbery and 5 or 6 miles from the robbery scene. Acting on a suspicion, the officers returned to the robbery scene and obtained witnesses, who identified the automobile as the one involved in the robbery. When the appellant and his co-indictee returned to the automobile with a tractor to pull it out of the ditch, they were identified by another witness to the robbery, who happened to come by while the two suspects were in custody near the automobile and who was the sole witness available to identify the appellant at the scene of his arrest. At the criminal trial, the witness identified the appellant as one who had committed the robbery, stating that, although they had worn masks during the robbery, he was able to identify them by their eyes, hair, clothes, size, and the fact that the mask of one of them had slipped down during the robbery.

The courts have held that, although the conventional line-up viewing is normally the appropriate procedure, nevertheless, prompt, on-the-scene confrontations and identifications, though inherently suggestive because of the presentation of a single suspect, are permissible in aiding a speedy police investigation and that where possible doubts as to identification need to be resolved promptly, such on-the-spot identifications promote fairness by enhancing the accuracy and reliability of identification, thereby permitting expeditious release of innocent subjects. See Bates v. United States, 405 F2d 1104, 1106 (D. C. Cir. 1968). Because testimony of this sole pre-trial identification was elicited at the trial by counsel for the defense upon cross examination, and because, prior thereto, three other State's witnesses had testified, positively identifying appellant as one of the robbers, admission of

the in-court identification by this witness was not ground for the relief sought.

4. The appellant's contention of alibi was properly not considered. "It is not the function of the writ of habeas corpus to determine the guilt or innocence of one accused of crime." *Bush v. Chappell,* 225 Ga. 659 (2) (171 SE2d 128).

No error of law appearing, the trial court did not err in its judgment remanding the petitioner to the custody of the warden.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JANUARY 10, 1972—DECIDED FEBRUARY 28, 1972.

Jerry Bennefield, *pro se.*

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General, for appellee.