## 28766. YANCEY v. THE STATE.

HALL, Justice.

The sole question presented here by Benjamin J. Yancey's appeal from an armed robbery conviction carrying a 20-year sentence, is whether the in-court identification of Yancey by the victim of the crime was properly admitted or whether, as Yancey contends, the in-court identification was fatally tainted by an illegal pre-trial show-up at which Yancey was displayed by the police to the victim at the police station, without an attorney.

Yancey was convicted of the November 27, 1972 armed robbery of the Sturkie Furniture Store. Mr. Carlisle, the store manager, testified that earlier that morning a Negro wearing a white hard hat came into the

store, saw Carlisle's pistol, and looked around selecting furniture. He said he would be paid on Friday and would be back then with $100. Instead, he came back about 45 minutes or an hour later with Yancey who, he said, had let him borrow $50 for a down payment. Yancey spent some time with his back to a heater facing Carlisle under fluorescent lights while the first man maneuvered Carlisle into turning his back on Yancey. Yancey then put a gun to Carlisle's back and initiated the robbery. Carlisle's gun, watch and billfold were taken, as was money from the cash register, during a period of about 20 minutes. Carlisle testified that while he faced Yancey, Yancey fired a shot at him from about five feet making a small hole in his shirt but not wounding him.

Yancey was arrested on December 29, 1972. The record does not make it possible to determine the date, but at some time between the arrest and the indictment, January 15, 1973 Carlisle was asked by police to come to the police station for an unspecified reason. While there he saw and identified Yancey, apparently through the glass door of a room in which Yancey was alone. Carlisle identified Yancey in court as the assailant, and also testified that "they didn't tell me there was a man coming out that was suspicious of robbing me. When they brought the man out they said 'Have you ever seen that man before?' and I said 'I sure have. I seen that man holding a gun on me. No doubt about it' and my stomach drew up in knots when I glanced out and saw him there just like it did when he had that gun on me."

The admission of the in-court identification is contended by Yancey in his sole enumeration to be reversible error.

United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), and Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199), cited by Yancey, all concerned defendants' rights at a post-indictment identification confrontation. Those cases established that where an illegal post-indictment pre-trial confrontation was made, the witness' trial testimony about the identification confrontation itself was to be excluded, and the witness' in-court identification was also inadmissible

unless the state successfully carried the burden of showing that the in-court identification sprang from an independent and untainted source. Prior to these three cases, the test applicable to out-of-court identifications was one of due process considering the totality of the circumstances. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) read Wade, Gilbert and Stovall to apply to post-indictment identifications and ruled that no per se exclusionary rule applied to pre-indictment confrontations. Accord *West v. State,* 229 Ga. 427 (192 SE2d 163). Such pre-indictment confrontations (such as Yancey's), should be scrutinized to determine whether the line-up was "unnecessarily suggestive and conducive to irreparable mistaken identification." 406 U. S. 691. Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401), a recent Supreme Court pronouncement, applied the due process test to a show-up, such as Yancey was subjected to (as opposed to a line-up), on a statement of facts which does not definitely state, but clearly implies, that a pre-indictment identification had been made. Considering the "totality of the circumstances," the court wrote that it is the likelihood of misidentification which offends against due process and "the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." 409 U. S. 199. The court also wrote that "the admission of evidence of a show-up without more does not violate due process." Id. p. 198.

Applying this test to Yancey's pre-indictment show-up, we find that Carlisle's opportunity for about 20 minutes during the commission of the crime to observe Yancey was unimpaired, at 10:00 a.m. under fluorescent lighting; that Carlisle's attention level was presumably very high since he was being subjected to an armed robbery and was for at least part of the time compelled to face the man who held the gun on him; that his trial-description of his degree of certainty at the time of the confrontation showed he had no doubt of the accuracy of

his identification; and the time between crime and confrontation was only about one month. The record does not reflect Carlisle's earlier description of his assailant, but the absence of this information is not determinative. We find that even though Yancey had no attorney present at the show-up, nonetheless the confrontation here passed the Neil v. Biggers tests to screen out substantial opportunity for misidentification, and none of Yancey's rights were violated by the in-court identification of Yancey by Carlisle. There is no merit in the single enumeration of error. Accord *Griffin v. State,* 229 Ga. 165 (190 SE2d 61).

No error appearing, the conviction will be affirmed. *Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 29, 1974 — DECIDED APRIL 23, 1974.

*Saul, Blount & Avrett, Percy J. Blount,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, William F. Bartee, Jr., Assistant Attorneys General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.