## 51060. TOWNS v. THE STATE.

PANNELL, Presiding Judge.

Defendant was indicted on two counts of aggravated assault and one count of criminal attempt. He was found guilty on one count of aggravated assault and criminal attempt. He appeals the conviction.

The evidence shows that on the evening of January 28, 1975, shortly past midnight, Mr. Crumbley pulled into his driveway and stopped behind another car parked in the carport. He cut off his headlights and got out of the car. At that time, a black male ran from within the carport yelling, "Stick 'em up, stick 'em up." The black man was approximately eleven steps from Crumbley when he was first seen. It took about one or two seconds for the man to reach Crumbley. They then became engaged in a scuffle. Crumbley attempted to get away from his assailant. The assailant struck Crumbley in the head, shot him in the left leg, and then ran off.

Crumbley told the police that the assailant was black, about his size, maybe heavier, and was wearing a tan toboggan. The police arrested appellant at his home that same night, at 4:30 a.m. on a 1970 or 1971 speeding charge.

Crumbley was requested to come to the police station the next day to identify a suspect. Crumbley was shown only one suspect, the appellant. Appellant was lying on a cot in a jail cell. He was wearing a toboggan. Crumbley viewed appellant in the cell for approximately two

seconds and then identified him as the assailant.

1. Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a "likelihood of mis-identification which offends against due process and 'the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation.' 409 U. S. 199." *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282). Applying these factors to the present confrontation, we conclude that the confrontation was unnecessarily suggestive and conducive to irreparable mistaken identification. Crumbley testified that he was better able to view the assailant when he first ran toward him than at any other time. This period of time lasted approximately one or two seconds. The assailant was black and ran fifteen steps toward Crumbley from an unlit garage. Crumbley testified that the area was lighted by a street light across the road and by the moon. Considering all of the surrounding circumstances, we must conclude that the victim had little opportunity to view the criminal at the time of the crime. Further, although Crumbley's attention was certainly raised during the attack, such attention is little compensation when there is such a limited opportunity of observation.

Another factor to be considered is the accuracy of the witness' prior description of the criminal. Crumbley stated to the police that the assailant was black, about his size, maybe a little heavier, and was wearing a tan toboggan. Although this was an accurate description of the defendant, it was extremely general and could have described any number of black men in the community. The sheriff testified that there were other blacks in the community which would have fit the same description given by Crumbley.

Finally, an examination of the confrontation shows that it was extremely suggestive and conducive to

misidentification. Appellant was lying on a cot in a jail cell. He was wearing a toboggan. Crumbley was asked to come to the jail for the purpose of identifying a suspect and was shown *only* the appellant. We can not imagine a more suggestive atmosphere for a criminal identification. Compare Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401).

Although Crumbley identified the appellant at trial and testified this identification was not based on the previous showup, we do not think this statement alone carries the state's burden of proving that the in-court identification was not tainted by the prior identification. The circumstances surrounding the pre-indictment showup were conducive to irreparable mistaken identification; the trial court erred in admitting Crumbley's identification of appellant into evidence.

2. In the absence of Crumbley's identification, there was insufficient evidence to sustain a verdict of guilty.

*Judgment reversed. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED OCTOBER 20, 1975 — REHEARING DENIED NOVEMBER 7, 1975.

*Ken Gordon,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.