65413. LEE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of armed robbery, kidnapping and possession of a firearm by a convicted felon, having been indicted separately with reference to the last offense. Defendant's motion for new trial was filed, heard and denied, and the defendant appeals. *Held:*

All of the defendant's enumerations of error are concerned with the in-court identification of the defendant by the victim in which the defendant contends it was irreparably tainted by impermissible pretrial identification procedures. The trial court denied the defendant's motion to suppress all identification testimony, and error is enumerated that the police irreparably tainted the identification of the defendant during the defendant's appearance in a physical lineup several days after his arrest and incarceration, the procedure being impermissibly suggestive and done without benefit of requested counsel in the absence of waiver of counsel constituting a violation of defendant's Sixth Amendment right to counsel. We find no merit in the defendant's complaints. The state's evidence disclosed that the defendant brandished a pistol in a parking lot and directed the victim to get back in his motor vehicle. The victim was

driven approximately 15 miles from the starting point and relieved of certain money he had in his possession. Finally, the victim was able to escape. The identification procedure used was to present the victim with certain photographs from which he tentatively identified this defendant. Subsequently, and upon the arrest of the defendant, the victim identified this defendant from a physical lineup. We do not find the lineup was unnecessarily suggestive and even if it was suggestive it certainly did not create a substantial likelihood of irreparable misidentification. Considering the totality of the circumstances we find no likelihood of misidentification which offends against due process. See *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282). The witness victim had ample opportunity to observe the defendant at the time of the crimes. Further, at the time he observed the defendant in the physical lineup adversarial criminal proceedings had not begun entitling him to counsel at the lineup proceeding. See Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411). Compare Moore v. Illinois, 434 U. S. 220 (98 SC 458, 54 LE2d 424).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 25, 1983.

*Earl A. Davidson, J. Russell Mayer, Amy Jean Griffith,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Harvey W. Moskowitz, H. Allen Moye, Assistant District Attorneys,* for appellee.