## 67177. BROWN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery, possession of a sawed-off shotgun, and possession of a firearm after having been convicted of a felony. *Held:*

1. The general grounds are asserted.

The evidence authorized the jury to find as follows: Defendant had a prior felony conviction. He, Adkins and Dawson were riding in a car together. There was a sawed-off shotgun in the car. A robbery was discussed. The trio entered a convenience store in which the cashier was the only person present. As they entered Dawson went toward the beer cooler and defendant and Adkins, who was carrying the loaded shotgun wrapped in a shirt, approached the cashier. Adkins uncovered the shotgun, pointed it at the cashier and demanded the money from the cash register. The cashier refused, saying that she would have to replace the money. Defendant then took the gun from Adkins, pointed at the cashier and told her to open it or he would shoot her. She still refused. Dawson then came from the beer cooler up behind the cashier carrying some beer. The three decided to leave and, after getting the cashier's assurance not to call the police, went out to the car. Dawson put three six packs of beer he had taken into the car and they drove away. Police were notified and the three men were apprehended in the car with the shotgun and some of the beer several hours later. The cashier subsequently identified Adkins and defendant from a photographic lineup as the two men who had pointed the gun at her. She did not get a good look at Dawson or see him take the beer as her attention was on the other two with the gun, and she could not have prevented the beer from being taken because of the gun.

Adkins and defendant testified that Adkins and Dawson entered the store leaving defendant outside, and that after Adkins threatened the cashier with the gun, defendant entered the store, told Adkins we can't do that, took the gun away from Adkins and they all then left with the beer. Defendant argues that if his and Adkins' testimony had been believed by the jury, he would have been acquitted because he lacked criminal intent, or because he withdrew from any criminal act, or because there was no robbery as the use of the weapon did not result in the beer being taken.

Where the general grounds are asserted, "the only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. [Cit.] It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the

evidence in a light most favorable to the jury's verdict . . . [Cits.]" *Laws v. State,* 153 Ga. App. 166 (1) (264 SE2d 700).

Applying the foregoing, we find that the evidence was sufficient to authorize any rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Error is enumerated because the trial court failed to charge completely on circumstantial evidence.

The trial court did charge on circumstantial evidence but did not include that portion of the usual charge which states that a conviction is warranted only if the proved facts exclude every other reasonable hypothesis except guilt. No written request was made for a charge on circumstantial evidence. Defendant contends that there was no direct evidence of defendant's participation in the taking of the beer or that the weapon facilitated the taking of the beer.

Contrary to the contentions the cashier's testimony, defendant's pretrial statement, and Adkins' prior inconsistent statement introduced to impeach him and for consideration as substantive evidence, constitute direct evidence of defendant's participation and that the use of the weapon facilitated the taking of the beer.

Accordingly, the enumeration has no merit as "[t]he rule is well established that 'It is only where a case is solely dependent upon circumstantial evidence that the trial judge is required to give the law of circumstantial evidence. It follows that where the indictment is supported by both circumstantial and direct evidence, it is not erroneous for the court to refuse to charge the law of circumstantial evidence.' [Cits.]" *Bryant v. State,* 229 Ga. 60 (1), 61 (189 SE2d 435).

3. The trial court did not err in entering a conviction and sentence on the possession of the sawed-off shotgun count as it was not lesser included or merged into the other two offenses.

"[A] violation of Code Ann. § 26-2914 (now OCGA § 16-11-131, possession of a firearm by a convicted felon) is not 'included' in the crime of armed robbery even though both offenses arose during one transaction. '[N]either is included within the other, for they involve proof of distinct essential elements. The lesser crime, [Code Ann. § 26-2914], has the element of [status as a previously convicted felon]. This element is not necessary to prove the greater crime of [armed robbery]. The result . . . is even more demanded in view of the [fact that a violation of Code Ann. § 26-2914 may exist] *before* and *after* the commission of the [armed] robbery . . . This enables one to clearly comprehend that the elements of the crimes [are] not identical and that they are separate and distinct ones, each of which separately or together will sustain a conviction. [Cit.] . . . Accordingly, we hold that

the conduct of a convicted felon in using a firearm to perpetrate an armed robbery constitutes a violation of Code Ann. § 26-1902 (now OCGA § 16-8-41, armed robbery) *and* a violation of § 26-2914, and the perpetrator may be prosecuted for the commission of each of these crimes." *Coleman v. State,* 163 Ga. App. 173, 174 (293 SE2d 395).

The foregoing reasoning applies equally as well to the use of a sawed-off shotgun, a violation of OCGA § 16-11-122 (Code Ann. § 26-9911a), in the commission of an armed robbery. We find the possession of the sawed-off shotgun was not included or merged into the armed robbery.

"The conduct prohibited by OCGA § 16-11-131(b) (Code Ann. § 26-2914) is the receipt, possession or transportation of 'any firearm' by '[a]ny person who has been convicted of a felony . . .' The conduct prohibited by OCGA § 16-11-122 (Code Ann. § 26-9911a) is the possession by any person of a 'sawed-off shotgun . . .' Under these statutes, an essential element of the former crime, but not of the latter, is the status of the accused as a convicted felon, whereas an essential element of the latter crime, but not of the former, is the type of weapon possessed. Thus, when a convicted felon is in possession of a sawed-off shotgun, two separate and distinct crimes are being committed because a prohibited person is in possession of a prohibited weapon. One crime is not 'included' in the other and they do not merge. ' "[N]either is included within the other, for they involve proof of distinct essential elements . . ." [Cit.]' [Cit.] The trial court did not err in sentencing appellant . . . for both crimes." *Bivins v. State,* 166 Ga. App. 580 (3) (305 SE2d 29).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 20, 1983.

*Elizabeth B. Gibbs,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.