72375. WELCH v. THE STATE.
(346 SE2d 4)

BANKE, Chief Judge.

The appellant was convicted of armed robbery and was sentenced to life imprisonment as an habitual offender pursuant to OCGA § 17-10-7. On appeal, he contends that his conviction was based on the uncorroborated testimony of an alleged accomplice; that a pre-trial statement made by this same witness was erroneously admitted into evidence; and that the court's charge to the jury on criminal intent was unconstitutionally burden-shifting.

The appellant was indicted along with two alleged accomplices for the armed robbery of a convenience store clerk. He was tried with one of the accomplices, while the other, Clifton Heath, testified as a witness for the state pursuant to a plea-bargaining agreement. Heath testified that he and one Billy Ray Morgan actually entered the store

and robbed the clerk while the appellant, who had originated the plan to rob the store, merely drove the car to and from the scene of the crime. *Held*:

1. The testimony of the accomplice was not required to be corroborated because the store clerk was able to testify positively that the appellant was one of the two men who entered the store and performed the robbery. The clerk stated that he was able to identify the two men in spite of the fact that they had worn panty hose over their faces. This testimony does not lack credibility merely because the accomplice, testifying for the state, provided contradictory testimony as to the nature of the appellant's involvement. "It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered." *Laws v. State*, 153 Ga. App. 166 (1) (264 SE2d 700) (1980); *Brown v. State*, 168 Ga. App. 537 (1) (309 SE2d 683) (1983). We are satisfied that the evidence was sufficient to enable a rational trier of fact to find the appellant guilty of armed robbery beyond a reasonable doubt.

2. "[W]here counsel imputes to the witness an intent to fabricate from some motive, interest or relationship, it may be shown that the witness made a consistent statement at a time when the motive or interest did not exist." *Crawford v. State*, 139 Ga. App. 347, 350 (228 SE2d 371) (1976). The statement of the co-accused was properly admitted in accordance with this rule.

3. The court's charge on criminal intent was essentially identical to charges previously approved by this court and the Supreme Court in *Lingerfelt v. State*, 255 Ga. 180 (4) (336 SE2d 250) (1985), and *Heard v. State*, 175 Ga. App. 793 (334 SE2d 374) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 27, 1986.

*Harlan M. Starr*, for appellant.
*Jack O. Partain, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.