A91A0164. HOOD v. THE STATE.
(406 SE2d 120)

BEASLEY, Judge.

Charlie Hood appeals his convictions of armed robbery and aggravated assault after being granted an out-of-time appeal in a state habeas corpus proceeding. The sole question is whether the pretrial show-up to the victim was suggestive so as to taint her in-court iden-

tification of Hood and thus render it inadmissible.

Betty New worked as the night-shift desk clerk at the John Milledge Motel. One night shortly after midnight, a black male came into the motel office and asked if there were any vacancies. She said there were none until the following morning. Although the man left, he returned and asked if a Richard Parham was registered as a motel guest. New told him he was but that she could not reveal room numbers of motel guests. She offered to call Parham, but the man mumbled something and left.

The man returned again later that night. He was not wearing a shirt, and he had a broken whiskey or beer bottle in his hand. He demanded money, so she opened the cash register, which contained about $53 or $54. He told New to look at his face, which she did. She asked him what he was going to do, and he said, "Make love to you." He told her to turn off the lights but she refused. He grabbed her and they scuffled. She began to scream "Charles," calling for motel owner Charles Boon, whose bedroom adjoined the office. A noise emanated from the bedroom, and the robber fled. New "got several good looks at him because he demanded twice that I look him straight in the face."

Twelve days later, Michelle Maddox was working as the desk clerk at the motel. At approximately 1:30 a.m., a man came into the office holding a shovel as one would hold a baseball bat. He threatened to strike her with it if she did not give him money. Charles Boon, who has an audio and visual device in his bedroom which monitors the motel office, heard Maddox scream, looked at the monitor and realized there was a robbery in progress. He grabbed a gun, entered the office, and subdued the robber. The police were summoned, and appellant was arrested.

Early the next morning, Boon's wife telephoned New and asked her to come to the motel because there had been an attempted robbery. When she arrived, she saw several police cars. As she got out of her car and turned around, she saw the appellant sitting in the back seat of one of the police cars. She immediately recognized him as the man who had robbed and assaulted her previously. He tried to shield his face, but she stood there until he moved his hands. After he did, she told the police he was the man who had victimized her.

At trial, New testified that her robber was a black male, four or five inches taller than she, and "not real dark complected." She positively identified appellant as that man.

"Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a 'likelihood of misidentification which offends against due process and "the factors to be considered in eval-

uating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." [*Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1982)].' *Yancey v. State*, 232 Ga. 167, 169 (205 SE2d 282)." *Towns v. State*, 136 Ga. App. 467, 468 (1) (221 SE2d 631) (1975).

Except for the passage of time, the so-called show-up in this case was somewhat akin to an immediate on-the-scene confrontation between the victim and a suspect. Considering the relevant factors, it was not unnecessarily suggestive, and under the totality of the circumstances New's recognition of appellant when she came to the motel did not give rise to a likelihood of misidentification but was instead reliable. See *Byrd v. State*, 173 Ga. App. 449, 450 (2) (326 SE2d 813) (1985); *Stone v. State*, 167 Ga. App. 759, 761 (2) (307 SE2d 543) (1983). Thus, New was not precluded from making the in-court identification.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991.

*Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney, Al C. Martinez, Jr., Assistant District Attorney*, for appellee.