## A93A0038. TAYLOR v. THE STATE.
(427 SE2d 587)

McMURRAY, Presiding Judge.

Defendant was convicted of armed robbery and possession of a firearm by a convicted felon. Following the denial of his motion for a new trial, defendant appealed. *Held*:

1. Defendant contends the trial court erred in failing to exclude pre-trial confrontation evidence. We disagree.

" 'Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a "likelihood of misidentification which offends against due process and 'the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation.' [Cit.]" *Yancey v. State*, 232 Ga. 167, 169 (205 SE2d 282).' *Towns v. State*, 136 Ga. App. 467, 468 (1) (221 SE2d 631) (1975)." *Hood v. State*, 199 Ga. App. 774, 775-776 (406 SE2d 120). Viewing the totality of the circumstances, we find no likelihood of misidentification by the witnesses in this case. Defendant was apprehended and positively identified by the witnesses within several hours of the robbery. The witnesses had ample opportunity to view defendant when the crime was committed and the description that they gave to the police was accurate. In sum, the pre-trial identification of defendant was reliable; the witnesses were not precluded from identifying defendant in court. *Hood v. State*, supra at 776.

2. The evidence was more than sufficient to enable any rational trier of fact to find defendant guilty of armed robbery and possession of a firearm by a convicted felon beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Cooper, J., concurs. Beasley, J., concurs in judgment only as to Division 1.*

DECIDED FEBRUARY 3, 1993.

*Robert M. Bearden*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Howard Z. Simms, Assistant District Attorneys*, for appellee.