A93A0969. SIMMONS v. THE STATE.
(432 SE2d 623)

McMURRAY, Presiding Judge.

Defendant Simmons appeals his conviction of armed robbery and possession of a firearm by a convicted felon. *Held*:

1. An enumeration of error complaining of the denial of a motion for new trial on the general grounds raises an issue as to the sufficiency of the evidence to authorize defendant Simmons' conviction. The evidence considered in the light most favorable to upholding the verdict of the jury shows that Balkcom, Johnson, and Stephens were searching for Balkcom's children who had not arrived home as scheduled. They drove to a nearby store and asked some people on the corner if they had seen the children. One person, Taylor, defendant's co-defendant, replied affirmatively, offered to show them where the children were, and instructed the three to pull across the street to wait for him. See *Taylor v. State*, 207 Ga. App. 220 (427 SE2d 587). Later, Taylor and a passenger, defendant Simmons, arrived in a car and waved for Balkcom, Johnson, and Stephens to follow. Taylor and defendant Simmons led the way for a distance before they stopped, got out of their car, and approached the following vehicle. Taylor and defendant Simmons, each of whom was armed with a handgun, ordered Stephens and his companions to lie on the ground, and took Stephens' wallet and keys. The State also introduced proof of defendant Simmons' previous felony conviction. We find that there was sufficient evidence to authorize a rational trier of fact to find defendant

Simmons guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Orman v. State*, 207 Ga. App. 671, 672 (2) (428 SE2d 813).

2. Defendant enumerates as error the denial of a motion in limine which sought to exclude the identification testimony of the victims. While Stephens was unable to identify defendant Simmons as one of the robbers, both of his female companions did so. Stephens and his female companions were at a police station when Taylor and defendant Simmons were brought in after their arrest only a few hours after the robbery. Defendant argues that this show-up was impermissibly suggestive and likely tainted the identification testimony at trial.

"The [defendant] also contends that the trial court erred in denying his motion to suppress the in-court identification testimony as tainted by an impermissibly suggestive one-person show-up identification. This court has thoroughly considered the dangers inherent in the practice of bringing single suspects to confront witnesses for the purpose of pre-trial identification, in particular, the danger of the ' "substantial likelihood of irreparable misidentification." (Cit.)' (*Daniel v. State*, 150 Ga. App. 798, 799 (1) (258 SE2d 604) (1979)). To evaluate that likelihood, we apply the test enunciated in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) which requires that we consider the witnesses' opportunity to view the suspect at the time of the offense, the witnesses' degree of attention, the accuracy of the witnesses' prior description and their level of certainty. However, both state and federal courts have also recognized consistently those countervailing considerations which may render the one-on-one confrontation permissible if not desirable. These include the necessity of a speedy police investigation and the necessity to resolve promptly any doubts as to identification so as to enhance the accuracy and reliability of the identification, thus expediting the release of innocent subjects. *Bennefield v. Brown*, 228 Ga. 705 (187 SE2d 865) (1972); *Arnold v. State*, 155 Ga. App. 782 (272 SE2d 751) (1980); see *Bates v. United States*, 405 F2d 1104 (D.C. Cir. 1968)." *Weathers v. State*, 202 Ga. App. 849, 851 (2) (415 SE2d 690). See also *Hood v. State*, 199 Ga. App. 774, 775-776 (406 SE2d 120), and *Killens v. State*, 184 Ga. App. 717, 720 (3) (362 SE2d 425). Under the totality of the circumstances, we find no substantial likelihood of misidentification in the case sub judice. Defendant was apprehended just hours after the robbery and positively identified by the two female witnesses, who had ample opportunity to view defendant at the time of the crime and who had given accurate descriptions to police. The trial court did not err in denying the motion in limine seeking to exclude the identification testimony.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

Decided June 10, 1993.

Lori C. Obenauf, for appellant.
Willis B. Sparks III, District Attorney, Charles H. Weston, Assistant District Attorney, for appellee.