## A93A0839. JOHNSON v. THE STATE.
(434 SE2d 169)

SMITH, Judge.

Kenneth Johnson was tried before a jury and found guilty of armed robbery, false imprisonment, and possession of a sawed-off shotgun. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdict.

1. Johnson enumerates as error the general grounds. Viewed in the light most favorable to the jury's verdict, the evidence showed the following: Johnson was identified as the young man wielding a sawed-off shotgun who demanded the victim's house and car keys at gunpoint and who forced him into the trunk of the car, locking it. The sawed-off shotgun Johnson possessed at the time of his subsequent

arrest had a barrel of less than 18 inches. Contrary to appellant's assertions, this evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to authorize a rational trier of fact to find Johnson guilty beyond a reasonable doubt of each offense.

2. Johnson moved before trial to exclude identification testimony on the ground that a pre-trial one-on-one confrontation between himself and the victim was impermissibly suggestive. After a hearing, the trial court denied Johnson's motion and this ruling is enumerated as error.

There is "no per se exclusionary rule applied to pre-indictment confrontations. [Cit.]" *Yancey v. State*, 232 Ga. 167, 169 (205 SE2d 282) (1974). "Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a 'likelihood of misidentification which offends against due process and "the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, [and] the level of certainty demonstrated by the witness at the confrontation." [Cit.]' [Cit.]" *Towns v. State*, 136 Ga. App. 467, 468 (1) (221 SE2d 631) (1975), applying the factors enumerated in *Neil v. Biggers*, 409 U. S. 188 (93 SE 375, 34 LE2d 401) (1972).

At the hearing on appellant's motion, the victim testified that he got a very good look at the perpetrator because they stood only a few feet apart beneath the light of his front doorway. Johnson approached under the pretense of asking for a ride before displaying the shotgun and demanding the victim's keys. When the police arrived, the victim described a young black male, wearing a flowered shirt and a long green trench coat, as the man with the gun. Johnson was arrested within ten minutes of the robbery, four hundred yards from the victim's home, wearing a flowered shirt and a long green trench coat. He carried a sawed-off shotgun in a shoulder harness strapped inside his coat. The victim immediately and positively identified Johnson as the perpetrator. After identifying Johnson, the victim also identified the shotgun. The victim denied being coached in any way.

"[P]rompt on-the-scene confrontations and identifications, though inherently suggestive because of the presentation of a single suspect, [nevertheless] are permissible in aiding a speedy police investigation and . . . where possible doubts as to identification need to be resolved promptly, such on-the-spot identifications promote fairness by enhancing the accuracy and reliability of identification, thereby permitting expeditious release of innocent subjects. [Cit.]" *Bennefield*

*v. Brown*, 228 Ga. 705, 706 (3) (187 SE2d 865) (1972). This on-the-scene confrontation with Johnson was based upon a near immediate arrest, in time and proximity, using the detailed and accurate description of the perpetrator given by the victim. The trial court's determination that there was, under the totality of the circumstances, no likelihood of irreparable misidentification is supported by the evidence, is not clearly erroneous, and is therefore affirmed. See *Hood v. State*, 199 Ga. App. 774 (406 SE2d 120) (1991).

3. Subsequent to the armed robbery, Johnson was arrested while in possession of a shotgun with a barrel of less than 18 inches in length. This is adequate to support a separate conviction for a violation of OCGA § 16-11-122. The trial court did not err in refusing to merge his conviction for possession of the shotgun with his conviction for armed robbery using the same shotgun. A violation of OCGA § 16-11-122 may exist before or after an armed robbery. In *Brown v. State*, 168 Ga. App. 537, 538-539 (3) (309 SE2d 683) (1983), we held that the offense of possession of a firearm by a convicted felon "is not included" in the crime of armed robbery, even though both offenses arose during one transaction. The same is true with respect to the lesser offense here, and for the same reason. Proof of this lesser offense requires proof of possession of a shotgun with a barrel length less than the statutory minimum. It is not necessary to prove these elements in order to prove the greater crime of armed robbery.

4. Johnson submitted a timely written request to charge on the law of circumstantial evidence. The failure of the trial court to give this instruction is enumerated as error, on the ground that the only evidence of criminal intent was circumstantial. It is not urged that the State depended upon circumstantial evidence in whole or in part to prove the acts done in violation of state statute. See *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991).

The request submitted was an accurate, nonargumentative quotation of OCGA § 24-4-6, rather than an inaccurate statement regarding two equal theories. Compare *Langston v. State*, 208 Ga. App. 175 (430 SE2d 365) (1993) and *Burris v. State*, 204 Ga. App. 806, 810-811 (3) (420 SE2d 582) (1992). There is some authority of long standing for the proposition that the substance of OCGA § 24-4-6 should be charged when the circumstances from which a guilty intent could be inferred are consistent with an innocent intention or an intention different from that charged against the accused. See *Cooper v. State*, 2 Ga. App. 730 (3) (59 SE 20) (1907). However, the trial court did give the following charge on criminal intent: "The intention of a person then is always a question of fact for determination of the jury, and it is a material element of the crime charged here. A person will not be presumed to act with criminal intention, but the [jury] may find such intentions upon consideration of the words, conduct, demeanor, mo-

tive and all other circumstances connected with the act for which the accused is prosecuted."

When coupled with the instructions on the presumption of innocence and the State's burden to prove the guilt of the accused beyond a reasonable doubt, we find that the charge given adequately covered the substance of the refused request insofar as it related to the material element of criminal intent. "The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is no longer a ground for new trial. The trial judge gave ample instructions [on criminal intent], and it was not error to fail to charge in the exact language requested." (Citations and punctuation omitted.) *Burris v. State*, supra at 811 (3). Even if it were error, it would be harmless beyond a reasonable doubt, since no reasonable hypothesis of innocence or of a different intent has been suggested. *Rash v. State*, 207 Ga. App. 585, 587 (5) (428 SE2d 799) (1993).

*Judgments affirmed. Johnson, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur fully with Divisions 1 through 3 of the majority opinion.

I concur specially with Division 4 of the majority opinion regarding the application of the rule set forth in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), governing when a jury charge on the law of circumstantial evidence is required. I concur fully with Division 4 of the majority opinion, but would add the following:

Based upon the evidence, almost all of which constituted direct evidence, the defendant requested a jury charge on the general law of circumstantial evidence as codified at OCGA § 24-4-6. That Code section provides that "*[t]o warrant a conviction on circumstantial evidence*, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Emphasis supplied.) This statute represents a codification of the rule requiring a charge on circumstantial evidence where the state's case depends *entirely* upon circumstantial evidence, derived from *Martin v. State*, 38 Ga. 293 (1868); *Carter v. State*, 46 Ga. 637 (1872); and *Simmons v. State*, 85 Ga. 224 (11 SE 555) (1890), which were such cases.

Based upon the three cases from which OCGA § 24-4-6 and its predecessor statutes were derived, it was originally intended to apply only to those cases that were based *entirely upon circumstantial evidence*. Subject to certain exceptions, subsequent cases held that the general rule is that unless the evidence relied upon for the conviction is entirely circumstantial, a jury charge under OCGA § 24-4-6 is not required. "Where, as here, there is some direct evidence against the

defendant, it is not error to fail to charge on circumstantial evidence." *Terrell v. State*, 258 Ga. 722, 724 (373 SE2d 751) (1988).

However, this court has held that "if the only direct evidence comes from a witness who has been impeached, it is reversible error to fail to charge on circumstantial evidence *upon request.*" (Emphasis supplied.) *Whittington v. State*, 252 Ga. 168, 176 (313 SE2d 73) (1984); *Horne v. State*, 93 Ga. App. 345 (4) (91 SE2d 824) (1956). The theory underlying this rule was that where both direct and circumstantial evidence of the defendant's guilt are admitted, and the jury is authorized to find that all the direct evidence in the form of witness testimony has been impeached, the jury is left to determine the guilt or innocence of the defendant based solely on the circumstantial evidence, and therefore must have some guidance on the quantum of circumstantial evidence which will authorize a conviction. See *Green v. State*, 167 Ga. App. 548 (306 SE2d 354) (1983).

The Supreme Court noted in *Robinson v. State*, supra, that it was impossible to determine whether the jury found the state's witnesses had not been impeached and thus based its verdict on the direct evidence, or whether the jury found that the state's witnesses *had* been impeached and thus based its verdict on circumstantial evidence (giving rise to a need for a jury charge on circumstantial evidence). To avoid such problems in the future, the Supreme Court devised the following rule: "[W]here the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given *on request.* This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." (Emphasis supplied.) Id. at 699-700.

The questions which must be answered in applying *Robinson*, are: *what* is the meaning of the word "depends" as used therein, and what charge on circumstantial evidence must be given, where a charge is required? It is only where the state's case "depends" upon circumstantial evidence that such a jury charge becomes necessary. The State's case "depends" upon circumstantial evidence *only where such evidence is necessary to prove one of the essential elements of the offense* for which the defendant is on trial. See *Rash v. State*, 207 Ga. App. 585 (5) (428 SE2d 799) (1993).

*Robinson* by no means requires a jury charge on the law of circumstantial evidence in every case in which some circumstantial evidence is adduced. See, e.g., *Berry v. State*, 262 Ga. 614 (422 SE2d 861) (1992), wherein the Supreme Court, citing *Robinson*, found no error in the trial court's refusal to give a requested jury charge on circumstantial evidence that was not properly adjusted to the evidence in the case.

Where the state depended upon a mixture of direct and circum-

stantial evidence to prove essential elements of the offense, no charge on circumstantial evidence would have been required absent *a proper request to charge the law on circumstantial evidence adjusted to the facts of the case.* There was no independent duty on the court to create and give a proper charge on circumstantial evidence, adjusted to the evidence of the case. It is only where the state relies wholly on circumstantial evidence that a charge on circumstantial evidence must be given *without request. Gentry v. State,* 208 Ga. 370 (66 SE2d 913) (1951); *Campbell v. State,* 202 Ga. 705 (44 SE2d 903) (1947). This rule has not been changed by *Robinson.*

Inasmuch as OCGA § 24-4-6, as written, applies only to cases in which the state depends entirely upon circumstantial evidence, and the subject case involves mix of direct and circumstantial evidence, it was not error for the court to refuse to charge said Code section. Indeed, to have done so, would have mislead the jury as OCGA § 24-4-6 provides, in part, "[t]o warrant *a conviction on circumstantial evidence, . . .*" (emphasis supplied) while the *direct evidence* in the instant case was *sufficient to convict* the defendant. Thus, the charge requested by the defendant was not adjusted to the evidence of this case (a mixture of direct and circumstantial evidence) and the court properly refused to give same. "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris v. State,* 202 Ga. App. 618, 621 (414 SE2d 919) (1992); *Hill v. State,* 259 Ga. 557 (3b) (385 SE2d 404) (1989).

Where the direct evidence alone suffices to establish the charged offense, and any circumstantial evidence is merely cumulative, no jury charge on circumstantial evidence is required even under *Robinson. Rash v. State,* supra. The rule regarding a jury charge on circumstantial evidence set forth in *Robinson v. State,* supra, applies only where the state relies upon such evidence to prove one of the essential elements of the offense for which the defendant is on trial. The limited quantity of circumstantial evidence adduced in the instant case was not used or needed for that purpose, and the majority opinion appropriately affirms the defendant's conviction on the basis that a jury charge on circumstantial evidence was not required under *Robinson v. State,* supra.

The current status of the law concerning charging the jury on circumstantial evidence can be stated as follows:

(a) Where the state *relies wholly* on circumstantial evidence to prove its case a charge on circumstantial evidence as provided by OCGA § 24-4-6 is required, *without request* from the defendant; (b) Where the state *relies on* a mixture of *direct and circumstantial evidence* to prove essential elements of the charged offense, a proper

charge on circumstantial evidence adjusted to the fact of there being mixed direct and circumstantial evidence is required, *upon proper request*, without regard to whether or not the state's witnesses may have been impeached.

Moreover, as this court noted in *Rash v. State*, supra at 587, "there is yet another reason for not reversing this case for failure to charge the law of circumstantial evidence. That is, no other reasonable hypothesis save that of the guilt of the accused has been suggested. Should the case be retried so a jury can hear those words when no other reasonable hypothesis has been offered? Our answer is in the negative." (Citations and punctuation omitted.)

DECIDED JULY 16, 1993.

*Steven W. Reighard*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney*, for appellee.