## A97A1323. FLORES v. THE STATE.
(491 SE2d 86)

BLACKBURN, Judge.

Alejandro Gonzales Flores appeals his conviction of sexual battery. Flores contends that his conviction should be reversed because the victim's identification of him was impermissibly suggestive due to the one man show-up conducted by the arresting officers.

The evidence indicated that the victim was finishing her work in the laundry room at a Red Roof Inn when she was approached by Flores. Flores grabbed her from behind, putting one hand across her mouth and his other hand on her breast. The victim struggled, and Flores grabbed both of her breasts while she screamed for help. Flores then attempted to push her into the laundry room while he rubbed his hand on her vagina. After struggling with the victim, Flores ran away.

Within 30 to 45 minutes, the police located Flores in a parking lot a few hundred yards from the crime scene. An officer took the victim to the parking lot where she viewed Flores from the police car. Several police cars were shining their lights on Flores, who was

standing outside a police car. The victim testified, at the hearing on Flores' motion to suppress, that she was able to clearly see Flores and that she immediately identified him. After she identified him she asked that he turn around. When she saw the orange writing on the back of his jacket, she was positive that he was the perpetrator.

"There is no per se exclusionary rule applied to pre-indictment confrontations. *Yancey v. State*, 232 Ga. 167, 169 (205 SE2d 282) (1974). Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a likelihood of misidentification which offends against due process and the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, and the level of certainty demonstrated by the witness at the confrontation. *Towns v. State*, 136 Ga. App. 467, 468 (1) (221 SE2d 631) (1975), applying the factors enumerated in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972)." (Citations and punctuation omitted.) *Ferguson v. State*, 221 Ga. App. 415, 418 (471 SE2d 528) (1996).

At the hearing on Flores' motion to suppress the victim's identification, the victim testified that she got a good look at Flores when the incident took place. The victim testified that as Flores approached her she thought he was a hotel guest coming to request extra towels from her. She stated that he had dark shoulder-length hair, a thin mustache, a baseball cap that she thought was white but she was not sure, black pants or black jeans, work boots, and a jacket with orange writing on the back. The victim further testified that her assailant was five feet eight to five feet nine inches tall and weighed between 175 and 180 pounds. Additionally, the assailant smelled of alcoholic beverages. The victim gave this description to the Cobb County police officer who arrived on the scene. Although the victim's glasses were knocked off in the struggle, the victim testified regarding her ability to see without them.

In the present case, the victim got a good look at her assailant as he approached her. She also noted his clothing as they struggled. Although more details could always be provided, the victim's description of Flores to the police was substantially correct, and her identification of Flores within an hour of the incident was positive.

"Prompt on-the-scene confrontations and identifications, though inherently suggestive because of the presentation of a single suspect, nevertheless are permissible in aiding a speedy police investigation and where possible doubts as to identification need to be resolved promptly, such on-the-spot identifications promote fairness by

enhancing the accuracy and reliability of identification, thereby permitting expeditious release of innocent subjects. *Bennefield v. Brown*, 228 Ga. 705, 706 (3) (187 SE2d 865) (1972)." (Citation and punctuation omitted.) *Ferguson*, supra at 418.

The cases cited by Flores are distinguishable and are not controlling. Under the facts of this case, "[t]he trial court's determination that there was, under the totality of the circumstances, no likelihood of irreparable misidentification is supported by the evidence, is not clearly erroneous, and is therefore affirmed." (Punctuation omitted.) Id. at 419.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 28, 1997 —
RECONSIDERATION DENIED AUGUST 13, 1997 —

*Roland R. Castellanos*, for appellant.

*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Aurieanne T. Sneed, Assistant Solicitors*, for appellee.