J. E. ROBINSON, for plaintiff in error.

C. D. HILL, solicitor-general, *contra.*

---

## BEARDEN *v.* THE STATE.

BLECKLEY, C. J.—Where the house broken and entered was not a dwelling nor within the curtilage, and was neither alleged nor proved to be a place of business, but was in fact a corn-crib or barn in which corn was stored, there was no burglary. The offense proved was larceny from the house only.     *Judgment reversed.*
October 8, 1895.

Indictment for burglary. Before Judge RONEY. Richmond superior court. April term, 1894.

D. L. PENDLETON and J. H. FOSTER, for plaintiff in error.

W. H. DAVIS, solicitor-general, by R. O. LOVETT, *contra.*

---

## GRANTHAM *v.* THE STATE.

| 95 | 459 |
|----|-----|
| Case 2 | |
| 125 | 269 |

SIMMONS, C. J.—1. Where in a trial for burglary it was shown that the accused had possession of goods taken from the storehouse alleged to have been broken, and he, not denying this fact, contended that he and the owner were on friendly terms, that they frequently drank and "gambled" with each other, and that the goods in question were won from the owner in a game of cards, all of which was denied by the latter in his testimony, and where the time of the alleged burglary was left uncertain by the evidence, it was error to refuse to allow the accused to prove that before and after the time of the burglary, he and the prosecutor were seen in the latter's store, and at other places, gaming, and that the prosecutor was seen drunk at his store both before and after the alleged burglary.

2. Other than as indicated in the preceding note, there was no error requiring a new trial.     *Judgment reversed.*
February 27, 1895.

Indictment for burglary. Before Judge SMITH. Pulaski superior court. November term, 1894.