## WILLIAMS v. THE STATE.

A structure which is stationary, which is eight feet tall, covered with
shingles, and inclosed with wire, erected for the purpose of the sa:ʻc
keeping of birds and fowls, is a house within the meaning of ʻou ʻ
code, which defines the offense of larceny from the house; and theʻc
was no error in refusing to direct a verdict of not guilty, on a trial
for larceny from the house, because the evidence did not establish
that the structure so erected was a house.

Submitted November 8, — Decided November 19, 1898.

Accusation of larceny from the house.    Before Judge Willis.
City court of Columbus.    September term, 1898.

*C. J. Thornton* and *A. E. Thornton,* for plaintiff in error.
*E. J. Wynn, solicitor,* contra.

LITTLE, J.    An accusation was preferred in the city court of
Columbus, against the plaintiff in error, charging him with the
offense of larceny from the house.    The specific details of the
charge made are, that on the 15th day of August, 1898, Esau
Williams, unlawfully and with force and arms, certain pigeons
of the value of one dollar, the property of Frank Kirven, in
the chicken-house of one R. M. Kirven, feloniously and wrong-
fully, with intent to steal said pigeons, did take and carry
away, etc.    The defendant entered a plea of not guilty; and
at the trial one of the questions was whether or not the
pigeons were taken from a house.    The prosecutor testified
that he had a large number of pigeons in a coop, from which
a number were stolen.    In describing the coop he testified that
it was a chicken-house; that the house was made of wire, and
was about eight feet tall, two stories, covered with shingles;
that while he called it a coop, it was really a chicken-house;
that it was nailed to the fence; it could not be moved about; that
the posts that held it were not in the ground, but that the
structure was stationary.    That is all the testimony that related
to the house from which it was alleged that the property was
stolen.    There was other evidence which tended to show that the
plaintiff in error privately took the pigeons from this structure;
and when the State closed its testimony the defendant moved the
court to order a discharge of the prisoner, upon the ground that

the accusation charged the pigeons to have been stolen from a chicken-house and the proof showed that it was not a chicken-house, but a chicken-coop; and that the probata did not follow the allegata.  The court refused the motion, and the plaintiff in error excepted.

Assuming that the judge has the right to direct a verdict at the close of the evidence introduced by the State, whenever the same is plainly insufficient to sustain a verdict of guilty, then the only question which we are to decide is, whether the evidence establishes the fact that the pigeons were stolen from a house. Section 179 of the Penal Code provides that "Any person who shall, in any dwelling-house, store, shop, warehouse, or *any other building,* privately steal any money, or any other thing, under the value of fifty dollars, shall be punished as for a misdemeanor."  The language of this section is very broad; and a punishment is not only prescribed for a larceny from the dwelling-house, store, shop or warehouse, but from *any other building.*  A building is defined to be "an edifice for any use; that which is built, as a dwelling-house, barn, etc."  (Standard Dictionary.)  The structure from which the pigeons were taken, as shown by the evidence in this case, was about eight feet high, stationary, inclosed with wire and covered with shingles.  The fact that it was inclosed with wire instead of other material, in our judgment, makes no difference; and it comes plainly under the definition of a house, as used in our statute.

Speaking for myself, I am not aware of any law in this State which either requires or allows a trial judge, on motion, to order the discharge of the accused during trial and before verdict, for the want of evidence to convict.  It is the province of the jury to determine, under instructions from the court, whether the evidence sufficiently shows the guilt of the accused to authorize a conviction.  If for any reason a conviction is had under insufficient evidence, the person convicted has his remedy under the provisions of law to have such verdict set aside.  In the trial of a criminal case, as I understand the law of this State, the weight of the evidence, in the first instance, is to be passed upon by the jury exclusively, and the jury is the tribunal created by law to say whether the accused is or is not guilty of the crime.

I can not sanction the practice which has grown up in this State, for judges who preside at the trial of criminal cases, in advance of a verdict, to pass upon the evidence in the case. And this, without any regard to the practice which obtains in other jurisdictions. Section 5331 of the Civil Code, which authorizes the judge, in certain instances, to direct a verdict, applies exclusively to civil cases, and was codified from the opinion of this court rendered in the case of *Hooks* v. *Frick & Co.*, 75 *Ga.* 715; and while I fully recognize the rule there laid down, as being the established law of this State, such rule, even in civil cases, ought not to be extended beyond the plain and literal meaning of the words used in the section.

We are all of the opinion that no error was committed by the presiding judge in his ruling; and the judgment is

*Affirmed. All the Justices concurring, except Simmons, C. J., and Lumpkin, P. J., absent.*