### 15118.   GOLIGHTLY *v.* LINE.

BROYLES, C. J.  1. The motion to dismiss the bill of exceptions is without substantial merit, and is denied.

2. Under the particular facts of the case, the court did not err in overruling the defendant's motion for a continuance, or thereafter on a subsequent day (the day upon which the case had been specially and peremptorily set for trial) in taking up the case at two o'clock p. m., in the defendant's absence (he being an attorney at law and having been granted a leave of absence for that day until one o'clock p. m. only), or, the plaintiff having introduced the note sued upon, in directing a verdict for the plaintiff and entering up judgment thereon.

(*a*) After the verdict and judgment were rendered, the court, on motion of the plaintiff, struck the plea and answer of the defendant. Conceding (but not deciding) that the court erred in striking the plea and answer, the error was harmless, since it occurred after the case had been legally and finally disposed of by verdict and judgment.

3. The court did not err in overruling the defendant's motion to set aside the verdict and judgment, which was made at the same term of the court. The motion was based upon the ground that the verdict and judgment were rendered during the defendant's absence from court, as related above. The motion, however, failed to show that the defendant had a meritorious defense, or that it was likely that his presence in court would have caused a different verdict and judgment to be rendered. See, in this connection, *Cavender* v. *Atkins*, 2 *Ga. App.* 173, 174 (58 S. E. 332). Moreover, "a motion to vacate and set aside a verdict and judgment, made at the term of the court at which they were rendered, is addressed to the sound legal discretion of the court; and that discretion, unless manifestly abused, will not be controlled." *Montgomery* v. *Bowen*, 20 *Ga. App.* 493 (93 S. E. 111), and cit.; *Tate* v. *Little*, 141 *Ga.* 799 (82 S. E. 129). In the instant case it does not appear that the judge abused his discretion in overruling the motion.

<em>Judgment affirmed. Luke and Bloodworth, JJ., concur.</em>

DECIDED JANUARY 16, 1924. REHEARING DENIED FEBRUARY 25, 1924.

Motion to set aside judgment; from Campbell superior court— Judge Hutcheson. September 1, 1923.

Application for certiorari was denied by the Supreme Court.

*J. H. Longino, J. H. Golightly,* for plaintiff in error.

*Tilson & McKinney, Hal Lindsay,* contra.