26892.   JONES *v.* THE STATE.

Decided September 7, 1938.

Guerry, J. This writ of error arises out of the same case as

that of *Jones* v. *State*, 58 *Ga. App.* 373 (198 S. E.    ), this day decided. It constitutes exceptions to the overruling of a motion in arrest of judgment, based on disqualification of one of the grand jurors who returned the indictment, as set out and dealt with in the first division of the decision in the case just cited. The ruling there made controls the present writ of error, adversely to the plaintiff in error (see also *Johnson* v. *State*, 62 *Ga.* 179, followed in *Jones* v. *State*, 103 *Ga.* 552, 29 S. E. 423), without mention of the fact that a motion in arrest of judgment is available to set aside a judgment of conviction only for defects which appear on the face of the record. "'The face of the record' means, in a criminal case, the indictment and the verdict" (*Spence* v. *State*, 7 *Ga. App.* 825, 826, 68 S. E. 443; *Watson* v. *State*, 116 *Ga.* 607 (6), 43 S. E. 32); and therefore, the plaintiff in error depending, for proof of the disqualification of the named grand juror, on extracts from the minutes of the court, a certificate of the clerk, and other documentary evidence aliunde the record, a motion in arrest of judgment was not the proper remedy. Treating the motion as a proceeding to set aside the verdict and judgment, filed at the same term, it was addressed to the sound discretion of the trial judge, and his discretion will not be interfered with here. *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *Golightly* v. *Line*, 31 *Ga. App.* 550 (121 S. E. 878).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*