## 28814. REGISTER v. THE STATE.

DECIDED JUNE 4, 1941.

*John Henry Poole*, for plaintiff in error.

GARDNER, J. The plaintiff in error was indicted on the alleged charge of burglary, the indictment reading in part as follows: "In the name and behalf of the citizens of Georgia, charge and accuse Wilbur Register and Frank Register, county and state aforesaid, with the offense of burglary, for the said accused on the 11th day of, for that the said . . on the . . day of . . in the year nineteen hundred forty in the county and state aforesaid, did then and there unlawfully and with force and arms unlawfully, burglariously, and feloniously did break and enter into the smokehouse [of] one J. L. Parr with the intent to commit a larceny therein, and that the Wilbur and Frank Register did then and there, after having broken and entered said smokehouse as aforesaid, did wrongfully, feloniously, fraudulently, and privately take and carry away from said smokehouse, with intent to steal the same, three sides of meat, four shoulders, one ham, same being cured meat, with certain nnmbers, namely 533, of the value of $15, the same being then and there the property of said J. L. Parr and being then and there in the smokehouse contained and stored, with intent the goods and chattels therein stored to steal." To this indictment no demurrer was filed. The plaintiff in error was convicted and sentenced as for a felony. He moved in arrest of judgment, alleging in substance that the jury found him guilty of burglary and fixed his sentence at a minimum of one and a maximum of two years, that the trial judge accordingly sentenced him and that the motion was filed at the same term of court at which he was convicted. He prayed that the judgment be arrested, "because said sentence is for a felony, and he was charged with only a misdemeanor and not charged with a felony." On motion by the State the motion in arrest of judgment was stricken and dismissed. The exception is to that order.

■ The motion in arrest of judgment was both timely and sufficient to raise the question whether the indictment was sufficient to support the charge of burglary. This question is controlled ad-

versely to the State by *Bearden* v. *State,* 95 *Ga.* 459 (20 S. E. 212), where it was held: "Where the house broken and entered was not a dwelling nor within the curtilage, and was neither alleged nor proved to be a place of business, but was in fact a corn-crib or barn in which corn was stored, there was no burglary. The offense proved was larceny from the house only." On a motion in arrest of judgment in a criminal case the court will look only to the indictment and the verdict. *Griffin* v. *State,* 34 *Ga. App.* 236 (129 S. E. 666); *Watson* v. *State,* 116 *Ga.* 607 (6) (43 S. E. 32, 21 L. R. A. (N. S.) 1); *Jones* v. *State,* 58 *Ga. App.* 374 (198 S. E. 566). Under the ruling in *Bearden* v. *State,* supra, the indictment was fatally defective in failing to allege that the smokehouse was within the curtilage of the dwelling.

■ Headnote 2 needs no elaboration. The motion in arrest of judgment was proper and should have been sustained. *McElreath* v. *State,* 55 *Ga.* 562; *Gibson* v. *State,* 79 *Ga.* 344 (2) (5 S. E. 76).

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*