30690. BAKER *v*. THE STATE.

DECIDED FEBRUARY 24, 1945.

*G. B. Cowart,* for plaintiff in error.

*R. L. Dawson, solicitor-general,* contra.

PER CURIAM. The defendant was tried on an indictment charging murder and was convicted of voluntary manslaughter. The court, in charging the jury, among other things, added in the last and closing part of his charge, to wit: "In connection with this case I charge you that under the court's opinion of this case, you can not return a verdict of acquittal, one of two verdicts only can be returned in this case, namely, either a verdict convicting the defendant for murder, or a verdict finding the defendant guilty of voluntary manslaughter." He then explained to the jury the offense of murder and that of voluntary manslaughter, and gave them the form of verdict, in the event they should find the defendant guilty of murder. Then he charged that, "if after a careful investigation of the facts as disclosed by the evidence and the statement of the defendant, and after an

application of the law as given you in charge by the court to those facts, you have a reasonable doubt of the defendant's guilt of the offense of murder, it would be your duty to give him the benefit of that doubt and acquit him in so far as that charge is concerned, and if you reach that conclusion, then gentlemen of the jury, you would, under the view the court has of this case, find him guilty of voluntary manslaughter." He then gave the jury the form of verdict for voluntary manslaughter, and closed his charge as follows: "Whatever your verdict is, gentlemen, write it on the back of this indictment, date it, and sign it by one of you as foreman, and return it into court." It will be observed that the court did not charge the jury in effect that if, from the review of all the evidence and the defendant's statement, they were not satisfied of his guilt beyond a reasonable doubt, they could return a verdict of acquittal; nor did he give the jury any form of verdict for an acquittal. The effect of the charge as presented by the record was to instruct the jury that they should convict the defendant of murder or voluntary manslaughter upon the evidence and the defendant's statement. It did not leave the guilt or innocence of the defendant to be determined by the jury. See in this connection, *Williams* v. *State,* 105 *Ga.* 814, 816 (32 S. E. 129, 70 Am. St. R. 82); *Anderson* v. *State,* 14 *Ga.* 709; *Hayes* v. *State,* 58 *Ga.* 35, 48; *Grant* v. *State,* 45 *Ga.* 477. The overruling of the motion for new trial was error requiring the grant of a new trial.

*Judgment reversed. Broyles, C. J., MacIntyre and Gardner, JJ., concur.*