## 61179. MURPHY v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of two counts of armed robbery. He appeals on (1) the general grounds and also contends the trial court erred (2) by denying his motion to suppress any in-court identification of appellant; (3) by denying his motion to exclude the testimony of a state witness; and (4) by failing to require the state to correct known false evidence concerning plea bargaining between the state and a co-indictee.

1. A Majik Market and a Quik-Mart were robbed at gunpoint in a period of approximately 30 minutes the night of December 12, 1979. Appellant and Tina Marie McNease were identified positively as the persons who robbed the Quik-Mart; McNease was identified positively as the person who robbed the Majik Market. McNease testified that she and appellant acted together in robbing both stores, and appellant made a written confession to the robberies. This evidence is more than sufficient to support the conviction, and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant and McNease were apprehended shortly after the second robbery and were placed under arrest after a gun and some of

the stolen items were found in McNease's car. They were taken to the police station and the victims of the robberies identified appellant and McNease positively in a one-on-one show-up. Although appellant contends the show-up was impermissibly suggestive, the evidence does not support his contention. Appellant and McNease were viewed separately; the victims viewed the show-up separately; the victims did not talk to each other or to the police about the identifications; the police had no one available to place in a multiperson lineup; and both victims had ample time to view the robbers, in good light, while the robbery was taking place.

In *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974), our Supreme Court held that in a case involving a show-up as opposed to a multiperson lineup, there is no per se exclusionary rule applied to pre-indictment confrontations. "Such pre-indictment confrontations . . . should be scrutinized to determine whether the lineup [show-up] was 'unnecessarily suggestive and conducive to irreparable mistaken identification.' " Id. Finally, the United States Supreme Court has held that "the admission of evidence of a showup without more does not violate due process." Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401) (1972). Applying these tests to the instant case, we find no evidence to indicate that the pretrial show-up was impermissibly suggestive or that it tainted the in-court identification in any way.

3. The state called Sergeant Ben Calley, a detective, as a witness. Appellant objected on the ground that Calley's name was not on the list of witnesses, although the defense attorney acknowledged that the prosecutor furnished Calley's name to defense counsel the afternoon preceding the day of trial. The prosecutor offered to let appellant interview the witness prior to trial, and the court offered to allow the defense counsel time to interview the witness; both offers were declined. Code Ann. § 27-1403 requires that prior to arraignment the defense, on demand, will be furnished a list of witnesses on whose testimony the charge is founded. "The statute authorizes the sanction of exclusion of witnesses' testimony but same is not mandatory where the trial judge in his discretion determines that the defendant can be protected by some other form of relief." *Davis v. State,* 135 Ga. App. 203, 207 (217 SE2d 343) (1975). "The purpose of the statute . . . 'is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial . . .' " Id. In the instant case, the prosecuting attorney offered appellant's counsel an opportunity to interview the witness the day before trial, and the trial court afforded him the same opportunity at trial. Appellant chose not to accept these offers. Under the circumstances, we believe

the purpose of the statute (§ 27-1403) was satisfied, and the trial court did not abuse its discretion in overruling appellant's objection after he declined the court's offer.

4. Appellant contends the trial court erred because "Tina McNease and the Assistant District Attorney created the impression that there were no negotiations going on between them," and that the "jury was . . . never informed that there were substantive negotiations going on" (for a deal in exchange for McNease's testimony). There is absolutely no evidence to support these allegations. On the contrary, the prosecuting attorney stated that he had never talked to Ms. McNease, and she testified she had never talked with the prosecuting attorney about a "deal" or any other matter involved in the case. There was no evidence of "substantial negotiations" between the prosecuting attorney and counsel for McNease. This court cannot consider factual representations in a brief which do not appear in the record. *Gray v. State,* 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980). Accordingly, this enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 10, 1981.

*Lawrence Lee Washburn III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Margaret V. Lines, Assistant District Attorneys,* for appellee.