## 63589. CANTRELL v. THE STATE.

SOGNIER, Judge.

Armed robbery. Cantrell appeals on the general grounds and on the trial court's denial of his motion for a directed verdict of acquittal. He also contends that the trial court erred by permitting testimony as to pretrial and in-court identification, as the pretrial identification procedures tainted the in-court identification of appellant, and by charging on flight when there was no evidence of flight.

1. While returning from Six Flags around 8:30 p.m. on I-285, Robert Hunter's car developed engine trouble. He left his wife and daughter in the car while he walked to a service station for assistance. A car pulled in front of the Hunter car and stopped. A young man later identified as appellant got out of the back seat of the car, walked to the Hunter car and asked Mrs. Hunter if she needed assistance. When Mrs. Hunter said her husband was getting assistance appellant returned to the car in which he was a passenger. The driver and another passenger then got out of the car, came to the Hunter car and robbed Mrs. Hunter and her daughter at gunpoint. The driver of the car then ran back to his car and started to leave so rapidly that the other man had to run to get in the car before it departed.

Appellant moved for a directed verdict of acquittal on the grounds that the only evidence connecting him with the robbery was Mrs. Hunter's identification, which was tainted. The motion was denied and appellant contends such denial was error. We do not agree.

The trial court had ruled previously that Mrs. Hunter's in-court identification of appellant was admissible and, thus, appellant was connected directly with the robbery. As the evidence did not demand a verdict of acquittal or "not guilty," it was not error to deny the

motion for a directed verdict of acquittal. See *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978).

As to the general grounds, the evidence related above is more than sufficient to support the finding of guilty. Although appellant testified that he could not remember what he was doing the night of the robbery, he testified that he did not participate in the robbery. However, the weight of the evidence and the credibility of witnesses is for the jury's determination. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). This court passes on the sufficiency of the evidence, not its weight, *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978), and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In regard to the in-court identification of which appellant complains, Kenneth Marshall of the district attorney's office testified that he subpoenaed appellant to appear as a witness before the grand jury on February 3, 1981 in an aggravated assault case. Marshall was not aware of any other cases involving appellant, and did not know if he was a suspect in any other case. Mrs. Hunter and her daughter had also been subpoenaed to appear before the grand jury the same date. While sitting in the hallway outside the grand jury room Mrs. Hunter saw a young man walk in and immediately recognized him as the man who walked up to her car the night of the robbery and asked if she needed assistance. The young man was appellant, and Mrs. Hunter so advised Detective Lambert, who had been investigating the Hunter robbery.

Appellant contends this confrontation was a "one-on-one" lineup set up by the district attorney's office and Detective Lambert. However, both Lambert and Elden Conrey of the district attorney's office testified that appellant was considered as a possible suspect in the Keller case (an unrelated rape and robbery), and they had completely forgotten the instant case when Mrs. Hunter and her daughter could not make a photographic identification of appellant. No one had talked to the Hunters prior to their appearance, nor advised them that appellant would be present. It is apparent from the evidence that no "lineup" was arranged by the district attorney's office and the detective; rather, it was a chance encounter that occurred when appellant and the Hunters were called to appear before the grand jury the same day, but on different, unrelated cases. Although appellant argues that the photographic lineup was also impermissibly suggestive, Mrs. Hunter failed to identify appellant from the photographs and it is difficult to imagine how a *failure* to identify appellant at a photographic lineup could taint an in-court

identification. Mrs. Hunter testified she did not recognize appellant's photograph because the photograph did not look like him. She recognized appellant immediately when she saw him in person because when he came up to her car the night of the robbery he was walking into the lights of passing cars, and talked to her for about three minutes, making no effort to hide himself.

The appearance of appellant at the grand jury was prior to his indictment, and our Supreme Court has held that there is no per se exclusionary rule applied to pre-indictment confrontations. *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974). "Such pre-indictment confrontations . . . should be scrutinized to determine whether the line-up [show-up] was 'unnecessarily suggestive and conducive to irreparable mistaken identification.' [Cit.]" Id. The United States Supreme Court has held that "the admission of evidence of a showup without more does not violate due process." Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401). Applying these tests to the instant case, we find nothing to support appellant's claim that his appearance at the grand jury was set up or staged by the district attorney's office, and nothing to indicate that the chance encounter tainted the in-court identification in any way. See *Murphy v. State,* 158 Ga. App. 278, 279 (2) (279 SE2d 728) (1981).

3. Appellant's contention that the trial court's charge on flight was not warranted by the evidence is not supported by the record. As stated in Division 1, the car in which appellant was a passenger sped off immediately after the robbery was completed, so rapidly, in fact, that one of the robbers was almost left behind. Hence, the charge on flight was authorized by the evidence, *Anderson v. State,* 153 Ga. App. 401, 403 (4) (265 SE2d 299) (1980), and a charge substantially the same as that given in the instant case has been found to be correct. *Moon v. State,* 154 Ga. App. 312, 315 (5) (268 SE2d 366) (1980). See also *Paxton v. State,* 160 Ga. App. 19, 22 (4) (285 SE2d 741) (1981).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1982.

*Charles R. Floyd, Jr., Amy W. Stewart,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Wendy L. Shoob, Assistant District Attorneys,* for appellee.