A90A1863. WORKMAN v. THE STATE.
A90A2022. SMITH v. THE STATE.
(402 SE2d 76)

BIRDSONG, Presiding Judge.
Oren Johnny Workman and James Samuel Smith were prosecuted jointly for burglarly and theft of a motor vehicle. A directed verdict of acquittal was granted to Workman as to burglarly, but he

was found guilty of motor vehicle theft. Smith was found guilty of burglarly and motor vehicle theft. Their appeals are consolidated.

The evidence showed Smith worked occasionally for Major Adderton. Without permission or authority he used a key from Adderton's truck keyring to enter Adderton's barn. He appropriated a disc grinder tool which he pawned after another person drove him and appellant Workman to the pawn shop.

According to statements of both defendants, Smith and Workman then visited Frenchie's Poolroom for an hour. Upon leaving they saw a red Ford pickup truck in a parking lot at Moultrie State Bank. Workman did not testify at trial, but according to Workman's statement made after he was arrested, his companion (who was left unidentified in the reading of the statement to the jury) became interested in the Ford pickup until Workman urged him to "come on." They went to Wanda's Bar & Grill where they drank beer and met a girl; his companion left briefly and returned. When the three finally left the bar, the red Ford pickup was parked near the door. Workman was under the impression that the truck belonged to the girl. Workman, his companion, and the girl got into the truck and drove to his companion's mother's house in Sarasota, Florida. Later, his companion reported he had sold the truck to a person named "Bug." Workman and his companion then returned to Moultrie.

Smith testified that it was Workman who became interested in the Ford pickup in the bank parking lot and that Smith urged him to leave it alone. While they were in Wanda's Bar & Grill, Workman left and then returned. Contrary to an earlier statement, Smith testified they met no girl in the bar. When he and Workman left the bar, the red Ford truck was sitting by the side of the road and they got in it. Smith testified he was drunk and it "didn't really hit [him]" that the truck was stolen until they got on down the road. Smith also testified Workman drove the truck, and that he knew the truck was stolen but rode around in it with Workman. In one statement, he stated they drove to Smith's mother's house on 47th Street in Sarasota, Florida, and he testified he saw Workman sell the truck in Florida.

The burglarly and motor vehicle theft occurred on February 15, 1990. In April, Smith's attorney filed a demand for a list of witnesses. Trial commenced May 17, 1990. At trial, the trial court denied motions to suppress the identification testimony of two witnesses from Sarasota, Florida, Randy Mink and Fred McLean. Randy Mink had introduced Fred McLean to Workman and Smith; McLean bought the stolen truck. Both Mink and McLean had been shown an impermissibly suggestive photographic display of only two persons, Workman and Smith. The trial court granted the motions to suppress Randy Mink's identification testimony but denied the motion as to McLean because McLean testified that independently of having seen

any photographs, he was absolutely certain Workman was the person who sold him the Ford truck. Mink testified at trial without identifying Workman or Smith, but he testified that he told Fred McLean about the truck for sale and he went with McLean to a house on 47th Street in Sarasota where a man sold McLean the truck for $200 and an agreement to take up the payments. Smith's attorney moved also to exclude McLean's testimony on grounds that despite Smith's timely demand for the list of witnesses in April, the State had produced Mink's and McLean's names as witnesses only three days before trial, on May 14. *Held*:

1. Smith contends it was reversible error for the trial court to refuse to exclude the testimony of McLean and Mink for failure of the State to provide a list of witnesses within a reasonable time prior to trial pursuant to OCGA § 17-7-110. The State supplied no legal excuse for its violation of the mandatory requirements of § 17-7-110. The record shows the State failed to provide a list of witnesses including McLean and Mink simply because it made no attempt to investigate or locate these witnesses until the Saturday before trial on Thursday. The State made no attempt to show that the witnesses were "newly discovered" and that it was not aware of them earlier. See OCGA § 17-7-110. And, the trial court made no finding that appellant Smith could be protected by some other form of relief than exclusion of the evidence. See *Gilbert v. State*, 159 Ga. App. 326 (283 SE2d 361); *Murphy v. State*, 158 Ga. App. 278 (279 SE2d 728).

Nevertheless, we find no cause to reverse Smith's conviction for motor vehicle theft. Neither Randy Mink nor the purchaser of the vehicle, McLean, provided directly incriminating evidence against Smith. McLean only identified Workman as the person who sold him the vehicle. Although Mink testified he went with McLean to 47th Street to buy the truck, and Smith in a statement had said he and his "friend" went to Smith's mother's house on 47th Street where his friend (i.e., as he testified at trial, Workman) sold the truck, it was Smith himself who provided the evidence upon which his conviction is reasonably and overwhelmingly based, both as to the burglarly of Adderton's barn and as to his complicity in the motor vehicle theft. We find the error probably did not contribute to the verdict against Smith and was harmless. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515).

2. Appellant Workman makes no objection to McLean's and Mink's testifying on grounds the State did not timely provide a list of witnesses, but did object that McLean's testimony was induced by an impermissibly suggestive lineup procedure. We find that McLean's testimony identifying Workman was not inadmissible as having been tainted. McLean testified that he was absolutely "one hundred percent" certain of his identification at trial of Workman as the person

who sold him the Ford pickup. Accordingly, any impermissibly suggestive lineup procedure prior to trial did not affect his trial testimony and it was not error to allow his identification of Workman at trial. See *Selbo v. State*, 186 Ga. App. 779, 781 (368 SE2d 548).

3. As matters of fact, the trial court did not inject itself into the trial by merely asking a question which established jurisdiction; nor did the trial court improperly "chastise" Smith's counsel outside the presence of the jury when counsel stated she would make her objections on appeal; nor did the trial court curtail counsel's attempt to make any motion.

4. The evidence authorized a jury charge as to involuntary intoxication, burglarly by breaking and entering, and theft committed during a burglary. The defendant Smith did not request a charge on the lesser included offense of theft by taking and the failure to give it was not error. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354). The charges as given were not confusing or likely to mislead the jury, as appellant Smith contends on appeal. We find no merit in Smith's contentions concerning error in the jury charge.

5. Smith complains of the insufficiency of the evidence to support the verdict of guilty and the trial court's refusal to render a directed verdict of acquittal. Inasmuch as we find the evidence was sufficient to persuade a rational trier of fact of appellant Smith's guilt beyond a reasonable doubt (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)), it follows that the trial court did not err in denying a directed verdict of acquittal, and Smith is not entitled to a new trial on general grounds.

6. Workman did not object to McLean's and Mink's testifying on grounds the State had not timely submitted their names to him in a list of witnesses. McLean's testimony identifying Workman as the person who sold him the Ford truck in Sarasota, coupled with Workman's own statement wherein he admitted the general circumstances of going to Florida with a "companion" in a truck which was proven to be stolen, are overwhelmingly corroborative of Smith's testimony identifying himself as Workman's "companion" and identifying Workman as the person who stole, drove and sold the truck. See, as to the necessity of evidence to corroborate the testimony of an accomplice to a crime, *Myers v. State*, 260 Ga. 412, 413 (395 SE2d 811); *Birt v. State*, 236 Ga. 815, 826 (225 SE2d 248). The evidence is sufficient to sustain the conviction of Workman for motor vehicle theft, according to the standard of *Jackson v. Virginia*, supra.

*Judgments affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1991.

*Short & Fowler, Thomas S. Bishop*, for appellant (case no.

A90A1863).

*Edith M. Edwards*, for appellant (case no. A90A2022).

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.