A95A2593. HUTSON v. THE STATE.
(469 SE2d 825)

McMurray, Presiding Judge.

Defendant Hutson appeals his conviction of the offense of criminal trespass, OCGA § 16-7-21 (b) (2). *Held*:

Since the evidence fails to authorize defendant's conviction, we

must reverse. At the time of the alleged offense, defendant was 18 years of age and had recently been dating Valerie Armour, a 15-year-old student who resided in her parents' home. Due to their concerns with regard to defendant's character and lifestyle, the young woman's parents attempted to terminate this relationship, telling defendant not to have further contact with their daughter and not to come to their house. A few weeks later Valerie Armour invited defendant to the family home and gave him a key so that he could enter the house and wait for her there. Valerie Armour's parents learned of this visit, and this criminal prosecution followed.

OCGA § 16-7-21 (b) (2) provides that a person commits the offense of criminal trespass when he knowingly and without authority: "Enters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden." While defendant received notice that his entrance into the Armour home was forbidden, there is no evidence that the parents' statements to defendant encompassed the possibility of a future invitation from their daughter. The issue presented is whether Valerie Armour's invitation conveyed authority to defendant to disregard the earlier notice that he was barred from the home.

The statute is regrettably silent concerning the manner in which a notice barring access to a premises should be rescinded. But there is some authority for the proposition that authority to permit entry of the premises is ancillary to the right to exclude, and entry may be granted by the permission of a person legally entitled to withhold the right. *State v. Raybon*, 242 Ga. 858, 861 (252 SE2d 417). Valerie Armour would appear to be such a person, a "rightful occupant" of her parents' home as that term is used in the statute and thus entitled to grant or withhold the right of entry, unless this capacity is withheld because she was a minor.

To aid in addressing this final issue in the case sub judice, we pose a simple hypothetical, whether a 15-year-old sales clerk, legally authorized to work, and working alone at a convenience store has legal authority to order from the store and forbid to return a visibly intoxicated and disruptive person. The trespass statute contains no express or implied limitation concerning the age of a "rightful occupant," and we see no reason such status should not be afforded to a minor of appropriate maturity since, as shown by our hypothetical, there are clearly circumstances where such authority is proper, suitable, and consistent with the general purposes of the statute.

Some case-by-case examination as to age and maturity may be necessary to establish the status of a minor as a "rightful occupant." In this regard, a comparison with cases, such as *Atkins v. State*, 254

Ga. 641 (331 SE2d 597), dealing with the authority of minors to consent to searches of their parents' homes may be instructive.

In the case sub judice, it was shown that Valerie Armour exercised an independent discretion in inviting people to the family home, and there was no suggestion that she was in any way impaired or less mature than her age may suggest. Under the circumstances presented in this case, we hold that Valerie Armour was a "rightful occupant" of her parents' home for purposes of OCGA § 16-7-21 (b) (2) and thus her invitation authorized defendant to enter the premises.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED MARCH 12, 1996.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*D. Terry Stringer, Solicitor*, for appellee.