## A96A1511. NASH v. THE STATE.
### (476 SE2d 69)

ANDREWS, Judge.

Pappeio Nash was found guilty by a jury of aggravated assault and criminal trespass. On appeal, he claims: (1) that the aggravated assault conviction must be reversed because the evidence at trial varied from the facts alleged in the indictment; (2) that the evidence was insufficient to support his conviction for either offense; and (3) that his trial counsel was ineffective.

The victim testified for the State that she was at her aunt's residence when Nash, her ex-boyfriend and the father of her unborn child, came uninvited into the residence and demanded that she speak to him. When the victim refused to speak with Nash, the victim's 19-year-old sister, who testified she was living at the aunt's residence at the time, told Nash to leave. The State presented evidence that, instead of leaving, Nash got a knife from the kitchen, ran after the victim with the knife and grabbed her, and then dropped the knife when he lost his balance while attempting to stab the victim.

Nash testified that the victim invited him to come to the residence. He testified that, after he arrived at the residence, he got into an argument with the victim's sister, who had a knife. He testified that he got a knife from the kitchen, at which point the victim said, "you ain't fixing to mess with my sister," spat in his face, and ran. Nash then testified that he chased the victim but dropped the knife before he caught the victim and slapped her.

1. There was no fatal variance between the evidence produced at trial and the facts alleged in the indictment in support of the aggravated assault charge.

The indictment alleged that Nash assaulted the victim with a deadly weapon, a knife, by throwing the knife at the victim. At trial, the evidence showed that the knife fell out of Nash's hand as he was stabbing at the victim. This variance was not sufficient to mislead or surprise Nash and thus impair his ability to prepare a defense, nor did it subject him to the risk of being prosecuted again for the same

offense. Since Nash was not prejudiced, the variance between the allegations and the proof was not fatal to his conviction under the indictment. *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969).

2. The evidence was sufficient to support Nash's convictions for aggravated assault and criminal trespass.

Evidence that Nash chased the victim with a knife and dropped it while stabbing at her was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that he was guilty of aggravated assault with a deadly weapon. OCGA § 16-5-21 (a) (2); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As to the criminal trespass conviction, the jury found Nash guilty of this offense as a lesser included offense of the charge of burglary. See *Huffman v. State*, 153 Ga. App. 203, 204 (265 SE2d 603) (1980). The jury verdict was based on the trial court's instruction that a person commits the offense of criminal trespass when he "knowingly and without authority: . . . [r]emains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart." OCGA § 16-7-21 (b) (3). The testimony of the victim's 19-year-old sister that she was living at the residence leased by her aunt was sufficient to allow the jury to conclude that she was a rightful occupant of the residence with authority to notify Nash to depart the premises within the meaning of OCGA § 16-7-21 (b) (3). See *Hutson v. State*, 220 Ga. App. 609, 610-611 (469 SE2d 825) (1996); *Murphy v. State*, 238 Ga. 725, 728-729 (234 SE2d 911) (1977). Evidence that Nash remained at the residence after being notified by the victim's sister to depart was sufficient to support his conviction for criminal trespass. *Jackson v. Virginia*, supra.

3. Lastly, Nash claims he received ineffective assistance of counsel at trial because of alleged errors made by a third-year law student who, with the approval of the court, assisted in the trial of his case under the supervision of a staff attorney at the University of Georgia Legal Aid Clinic, who represented Nash and was physically present during the trial. See Rules of the Supreme Court of Georgia, Rules 92-97; OCGA § 15-20-1 et seq. We find no error amounting to ineffective assistance of counsel.

The record shows that defense counsel elicited testimony from Nash that, during his relationship with the victim, they had some minor scuffles prior to the present incident. Nash also testified on direct examination that, after he was arrested and jailed on the present charges, the victim accepted numerous collect telephone calls he made to her from jail. Assuming this testimony had the effect of commenting adversely on Nash's character, defense counsel testified at

the hearing on the motion for new trial that eliciting this testimony was part of a deliberate trial strategy. The testimony by Nash about the minor prior difficulties he had with the victim was obviously intended to bolster his testimony that the present incident was also such a minor altercation. His testimony about collect telephone calls by him from jail accepted by the victim after the incident was intended to lend additional credibility to Nash's claim that the incident was just another minor scuffle with the victim in their continuing relationship. "Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate." (Citations and punctuation omitted.) *Powell v. State*, 210 Ga. App. 409, 413-414 (437 SE2d 598) (1993). The trial court did not err in finding that Nash's trial counsel was not ineffective. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 16, 1996.

*Kimberly C. Harris*, for appellant.

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.