669 S.E.2d 523 (2008)
In the Interest of J.B.M., a child.
No. A08A1052.
Court of Appeals of Georgia.
November 14, 2008.
Venita Sheree McCoy, Talethia Renee' Weekley, Waycross, for appellants.
Richard E. Currie, Dist. Atty., for appellee.
BERNES, Judge.
The Ware County Juvenile Court adjudicated 16-year-old J.B.M. delinquent for having committed burglary, criminal trespass, and theft by taking motor vehicle. On appeal, J.B.M. challenges the sufficiency of the evidence to sustain the juvenile court's findings. We affirm the adjudications as to the burglary and criminal trespass charges. However, we reverse the adjudication as to the theft by taking motor vehicle.
When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. We construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.
(Citation omitted.) In the Interest of J.Q.W., 288 Ga.App. 444, 445, 654 S.E.2d 424 (2007). So viewed, the evidence established that on December 9, 2007, J.B.M. informed his friend, R.B., that he needed a ride home from school. R.B. told J.B.M. that he had the keys to his father's truck and agreed to drive J.M.B. home.
While traveling together, J.B.M. and R.B. stopped approximately four blocks away from R.B.'s home and went onto the burglary victim's property. As R.B. stood nearby, J.B.M. entered the victim's barn and picked up two gas cans. The victim's daughter observed J.B.M.'s actions and began yelling. Upon being detected, J.B.M. dropped the gas cans and fled from the scene with R.B. The victim called 911 and attempted to follow the boys in the direction in which they fled. The victim showed the investigating officer R.B.'s residence where she believed the boys would be found.
The officer indeed located J.B.M. and R.B. at R.B.'s residence, and he spoke to them about the burglary incident. Both J.B.M. and R.B. admitted to the officer that they *524 had gone onto the victim's property, but claimed that they went there to see a friend. But, the victim's family did not know the boys, and the victim testified that they were not authorized to enter her barn.
R.B.'s parents arrived at their home and observed J.B.M. and R.B. being detained by the officer. R.B.'s mother testified that J.M.B. and R.B. always got into mischief when they were together, and she had told J.B.M. on several prior occasions that he was not allowed to come onto her property. She sought to have J.B.M. charged with criminal trespass since J.B.M. had fled to and was located inside of her residence.
Following J.B.M.'s arrest and a juvenile court hearing, the delinquency adjudication was entered.
1. J.B.M. contends that the evidence was insufficient to establish his guilt of the burglary offense. We disagree.
"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or ... any other building ... or any part thereof." OCGA § 16-7-1(a).
The evidence showed that J.B.M. committed this offense by entering the victim's barn without authority and with the intent to commit a theft of the gas cans.[1]
J.B.M. nonetheless cites to Register v. State, 65 Ga.App. 64, 66, 15 S.E.2d 251 (1941) and argues that his actions were not criminalized under the burglary statute since the victim's barn was not a dwelling house or part of the curtilage of the dwelling house. This argument is without merit. The decision in Register applied the provisions of the former burglary statute, Code sec. 26-2401, which defined the offense as "the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another." In 1968, the burglary statute was amended to provide a new statutory definition of burglary, incorporating the all-inclusive word "building." See Ga. L. 1968, p. 1249, § 1; Estep v. State, 129 Ga.App. 909, 912(2), 201 S.E.2d 809 (1973). "A building is defined to be an edifice for any use; that which is built, as a dwelling-house, barn, etc." (Citation and punctuation omitted.) Williams v. State, 105 Ga. 814, 815, 32 S.E. 129 (1898). "The statute has been interpreted as applying to buildings of whatever kind." (Punctuation and footnote omitted.) Garrett v. State, 259 Ga.App. 870, 871(1), 578 S.E.2d 460 (2003) (burglary of a storage shelter). See also Workman v. State, 198 Ga.App. 455, 458(5), 402 S.E.2d 76 (1991) (burglary of a barn). J.B.M.'s act of entering the barn without authority and with the intent to commit a theft of the gas cans authorized his delinquency adjudication based upon the burglary offense. See OCGA § 16-7-1(a); Workman, 198 Ga.App. at 458(5), 402 S.E.2d 76.
2. J.B.M. also challenges the sufficiency of the evidence as to the criminal trespass offense. Again, we disagree that there was insufficient evidence.
J.B.M. was charged with having committed criminal trespass in violation of OCGA § 16-7-21(b)(2). Under that provision,
[a] person commits the offense of criminal trespass when he or she knowingly and without authority ... [e]nters upon the land or premises of another person ... after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden.
OCGA § 16-7-21(b)(2). R.B.'s mother testified that she had expressly warned J.B.M. on several prior occasions that he was not allowed to enter upon her property. Notwithstanding these prior warnings, J.B.M. had fled to and was found inside the residence of R.B.'s mother following the burglary. This evidence established J.B.M.'s guilt of the criminal trespass offense.
J.B.M. claims that he could not be found guilty of the crime since his presence at the residence was authorized by R.B., a rightful occupant of the residence. It is true that in *525 Hutson v. State, 220 Ga.App. 609, 469 S.E.2d 825 (1996), we held that a minor was a "rightful occupant" of her parent's home and was authorized to invite the defendant to enter in disregard of the parent's prior notice barring the defendant from the premises. But, subsequent to the Hutson decision, the Georgia legislature amended OCGA § 16-7-21 by adding subsection (c), which now provides that
[f]or the purposes of subsection (b) of this Code section, permission to enter or invitation to enter given by a minor who is or is not present on or in the property of the minor's parent or guardian is not sufficient to allow lawful entry of another person upon the ... premises ... owned or rightfully occupied by such minor's parent or guardian if such parent or guardian has previously given notice that such entry is forbidden or notice to depart.
OCGA § 16-7-21(c); Ga. L. 1997, p. 526, § 1. Based upon this subsection, R.B. could not allow J.B.M. lawful entry into the residence when his mother had given prior notice that such entry was forbidden. Therefore, J.B.M.'s argument affords no basis for reversal. The juvenile court's finding that J.B.M. had committed the criminal trespass offense was authorized. See OCGA § 16-7-21(b)(2); Wingfield v. State, 191 Ga.App. 800, 383 S.E.2d 180 (1989).
3. Finally, J.B.M. claims that the evidence was insufficient to sustain his delinquency adjudication based upon the theft by taking charge. We agree that the adjudication on this charge must be reversed.
The delinquency petition alleged that J.B.M. had committed the theft by taking offense by taking the truck belonging to R.B.'s father. But, there was no trial evidence that J.B.M. had taken the truck or was a party to that crime. Rather, the evidence showed that J.B.M. was a mere passenger of the truck being driven by R.B. with his father's keys. J.B.M. testified that he was not aware that R.B. did not have permission to drive the truck, and the state failed to present any evidence establishing otherwise. Significantly, the state conceded at trial that its burden of proving the offense had not been met. Because there was no evidence that J.B.M. committed the theft by taking offense or that he had intentionally aided or abetted in its commission, we reverse the trial court's adjudication on this charge. See OCGA § 16-8-2; In the Interest of J.Q.W., 288 Ga.App. at 446-448(b), 654 S.E.2d 424.
Judgment affirmed in part and reversed in part.
RUFFIN, P.J., and ANDREWS, J., concur.
NOTES
[1] The fact that J.B.M. ultimately was not able to accomplish the theft does not preclude a finding that he committed the burglary offense. See Griffith v. State, 286 Ga.App. 859, 861(1), 650 S.E.2d 413 (2007); Prothro v. State, 186 Ga.App. 836, 837(1), 368 S.E.2d 793 (1988).