### A09A2354. GREEN v. THE STATE.
(687 SE2d 623)

JOHNSON, Presiding Judge.

Following a bench trial, Fanesia Green was convicted of fraud in obtaining public assistance pursuant to OCGA § 49-4-15. Green appeals, claiming that the trial court erred in failing to find a fatal variance between the allegations contained in the indictment and the proof offered at trial. We find no error and affirm.

The evidence presented to the trial court, which Green does not dispute, shows that Green applied for public assistance in the form of food stamps in October 2005. Green did not reveal on her applications that she was living in the same home as Willie Heath, who was the father of her children, nor did she ever reveal that fact to representatives of the Bartow County Department of Family and Children Services. As a result, Green's allotment of food stamps was based on an inaccurate amount of household income.

Green now acknowledges that from October 2005 through January 2007, she received a total of $7,061 in public assistance, while she was entitled to receive only $1,071. This amount included an aggregate of $4,688 in assistance that Green received during

---

[4] See OCGA § 24-9-67.1 (e).

months in which she was not entitled to *any* food stamps. It also includes an aggregate of $2,373 in assistance that she received during six months in which she was eligible to receive a total of $1,071 in assistance, resulting in excess payments of $1,302.

On August 8, 2008, Green was indicted for committing fraud in obtaining public assistance. The indictment alleged that between August 1, 2005 and January 31, 2007, Green "failed to disclose that Willie Heath was living in her home and failed to disclose information about his income and resources, thereby receiving public assistance to which the accused was not entitled, to wit: food stamps in an amount in excess of $500." Green claims that a fatal variance exists because the indictment did not allege whether she was eligible to receive any amount of food stamps during the period at issue, and that the evidence showed that during six months of that time she was eligible to receive some, albeit a lesser, amount of assistance. We disagree.

> Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense.[1]

Here, the indictment put Green on notice as to the actions she allegedly took that violated the law so that she could present her defense. Regardless of whether Green's fraud remained ongoing during months in which she was otherwise eligible for some amount of public assistance, any variance between the indictment and the evidence presented at trial was not sufficient to mislead or surprise her; nor did it subject her to the risk of being prosecuted again for the same offense.[2] Because Green was not prejudiced, she has failed to show that any variance between the allegations and the proof was fatal to her conviction.[3]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

---

[1] *Adams v. State*, 299 Ga. App. 39, 40-41 (1) (681 SE2d 725) (2009), quoting *Turner v. State*, 231 Ga. App. 747, 747-748 (1) (500 SE2d 628) (1998).

[2] See *Nash v. State*, 222 Ga. App. 766 (1) (476 SE2d 69) (1996).

[3] Id. at 767 (1).

*Scott J. Forster*, for appellant.

*T. Joseph Campbell, District Attorney, Elizabeth M. York, Assistant District Attorney*, for appellee.